UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Croffort E. Lumpkin, Jr.,

    Plaintiff,

v.                                                Case No. 10-13511

Deutsche Bank National Trust Company,        Honorable Sean F. Cox
*et al.*,

    Defendants.

_____/

## **ORDER REMANDING STATE LAW CLAIMS**

Acting *pro se,* Plaintiff Croffert E. Lumpkin, Jr. ("Plaintiff") filed this action against Defendants based on federal question jurisdiction. Plaintiff's complaint asserts the following 24 claims against Defendants:

    1) "Slander of Title" (asserted in Section IV of Plaintiff's Complaint);

    2) "Civil Conspiracy" (asserted in Section V of Plaintiff's Complaint);

    3) "Unfair Business Practices" (asserted in Section IV of Plaintiff's Complaint);

    4) "RICO - 18 U.S.C. §§ 1961 et seq." (asserted in Section VII. of Plaintiff's Complaint);

    5) "Imposition of Constructive Trust" (asserted in Section VIII. of Plaintiff's Complaint);

    6) "Fraud" (asserted in Section IX. of Plaintiff's Complaint);

    7) "Breach of Contract Common Law" (asserted in Section X. of Plaintiff's Complaint):

    8) "Unenforceable Attempt to Enforce the Deed of Trust"(asserted in Section XI. of Plaintiff's Complaint);

    9) "Improper Restrictions" (asserted in Section of Plaintiff's Complaint XII.);

10) "Wrongful Conversion of Trust" (asserted in Section XIII. of Plaintiff's Complaint);

11) "Lack of Standing" (asserted in Section XIV. of Plaintiff's Complaint);

12) "Securitization Removes the Status of Note Holder" (asserted in Section XV. of Plaintiff's Complaint);

13) "The Note and Mortgage are Unenforceable because the Mortgagor Never Consented to the Securitization" (asserted in Section XVI. of Plaintiff's Complaint);

14) "The Restrictions Imposed upon the Modification of the Mortgage are a Clog Upon the Equity of Redemption" (asserted in Section XVII. of Plaintiff's Complaint);

15) "There is No Showing that a Case of Controversy Exists Between the Plaintiff and Defendant" (asserted in Section XVIII. of Plaintiff's Complaint);

16) "Alleged Defaulted Payments have been Paid" (asserted in Section XIX. of Plaintiff's Complaint);

17) "The Unenforceability of the Note and Mortgage Requires The Court to Declare a Constructive Trust or Mortgage Trust" (asserted in Section XX. of Plaintiff's Complaint);

18) "Violation of Truth in Lending" (asserted in Section XXI. of Plaintiff's Complaint);

19) "Breach of Contract" (asserted in Section XXII of Plaintiff's Complaint);

20) "Violation of RESPA" (asserted in Section XXIII. of Plaintiff's Complaint);

21) "Quiet Title" (asserted in Section XXIV of Plaintiff's Complaint);

22) "Wrongful Foreclosure" (asserted in Section XXV. of Plaintiff's Complaint);

23) "To Set Aside Trustee Sale" (asserted in Section XXVI of Plaintiff's Complaint); and

24) "Cancellation of Trustee's Deed" (asserted in Section XXVII of Plaintiff's Complaint).

Federal courts are courts of limited jurisdiction and have "an independent obligation to

investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

Although this Court has federal question jurisdiction over Plaintiff's Truth in Lending Act claim (asserted in Section XXI. of Plaintiff's Complaint); Plaintiff's RESPA claim (asserted in Section XXIII. of Plaintiff's Complaint); and Plaintiff's RICO claim (asserted in Section VII. of Plaintiff's Complaint), all of the remaining claims are based on state law.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state-law claims in Plaintiff's complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claim were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS** and **ORDERS** that all of

Plaintiff's state-law claims are hereby **DISMISSED**.  Thus, the only claims that remain in this action are: 1) Plaintiff's Truth in Lending Act claim (asserted in Section XXI. of Plaintiff's Complaint); 2) Plaintiff's RESPA claim (asserted in Section XXIII. of Plaintiff's Complaint); and 3) Plaintiff's RICO claim (asserted in Section VII. of Plaintiff's Complaint)

    **IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 14, 2010

I hereby certify that on September 14, 2010, a copy of the foregoing document was served upon counsel of record by electronic means and upon Croffort E. Lumpkin, Jr. via First Class Mail at the address below:

Croffort E Lumpkin
9263 Maple Ridge
Newport, MI 48166

S/Jennifer Hernandez
Case Manager