UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Croffort Lumpkin, Jr.,

    Plaintiff,

v.                                             Case No. 10-13511
                                             Honorable Sean F. Cox

Deutsche Bank National Trust Co., *et al.*,

    Defendants.

_____/

## OPINION & ORDER DENYING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this action, Plaintiff asserts numerous claims against Defendants relating to a residential loan secured by property located at 9263 Maple Ridge, Newport, Michigan ("the Property"). The matter is currently before the court on Defendants Deutsche Bank National Trust Co. and Mortgage Electronic Registration Systems, Inc.'s motion for summary judgment[1] pursuant to FED. R. CIV. P. 56(c). The parties have fully briefed the issues and the Court heard oral argument on October 13, 2011. For the reasons below, Court shall DENY Defendants' motion.

### BACKGROUND

On September 2, 2010, Plaintiff Croffort Lumpkin ("Plaintiff"), originally proceeding *pro se*, filed this action against Deutsche Bank National Trust Co. ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") (together, "Defendants"). Plaintiff's

---

[1] Defendants improperly titled their motion a "Motion to Dismiss." Defendants' motion, however, is a motion for summary judgment brought pursuant to FED. R. CIV. P. 56(c).

1

complaint asserts over a dozen state and federal claims. On September 14, 2011, this Court entered an order declining to exercise supplemental jurisdiction over Plaintiff's state-law claims. (Doc. No. 2). As a result, the only remaining claims pending in this action were Plaintiff's TILA claim, Plaintiff's RESPA claim, and Plaintiff's RICO claim. Later, on August 3, 3011, the Court dismissed Plaintiff's RICO claim for failure to file a RICO Case Statement and Plaintiff's failure to respond to this Court's show cause order regarding the same. (Doc. No. 24).

On March 1, 2011, the Court entered a Scheduling Order, requiring the parties to complete discovery by June 2, 2011, and setting a motion cut-off date for July 5, 2011. (Doc. No. 11).

On June 7, 2011, attorney Angela Howell filed an appearance on behalf of Plaintiff. (Doc. No. 14).

After months of inactivity by Plaintiff, Defendants filed a motion for summary judgment, pursuant to FED. R. CIV. P. 56(c), on June 22, 2011. Shortly thereafter, Plaintiff's counsel notified the Court that, after Plaintiff filed his *pro se* complaint, he became seriously injured in an accident and was unable prosecute this action up to that point.

On January 22, 2011, Plaintiff fell from his car and suffered a severe head injury. (Plf's Br., Ex. 2). As a result of his head injury, Plaintiff suffered from paralysis, seizures, strokes, and loss of memory. Plaintiff underwent brain surgery on March 25, 2011, and was not released from the hospital until April 7, 2011. Plaintiff has been in physical and speech therapy since his release from the hospital.

After the Court held a status conference on August 23, 2011, the Court issued a second Scheduling Order on August 24, 2011, extending the discovery due date until October 24, 2011.

Plaintiff's lengthy complaint does not allege many relevant facts of this case. Furthermore, neither Defendants' motion, nor Plaintiff's response, include any facts other than the procedural posture of this case. It is apparent, however, that Plaintiff is challenging Defendants' foreclosure of the Property. Plaintiff also alleges that, at the time of the origination of Plaintiff's loan and mortgage relating to the Property, Defendants failed to disclose certain information. Plaintiff also contends that Defendants failed to properly respond to Plaintiff's qualified written request ("QWR").

## LEGAL STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Defendants' motion for summary judgment does not focus on the substantive facts of the case, but rather, on the procedural shortcomings of Plaintiff.  Defendants contend that Plaintiffs complaint should be dismissed for three reasons: (1) Plaintiff failed to respond to Defendants' requests for admission and they should be deemed admitted; (2) Plaintiff has failed to prosecute his claim; and (3) Plaintiff failed to provide prompt notification of his change of address.

I.     Defendants' Requests for Admission:

First, Defendants contend that Plaintiff's complaint should be dismissed because Plaintiff failed to respond to Defendants' requests for admission, and therefore they are all deemed admitted, pursuant to FED. R. CIV. P. 36(a)(3).

In this case, a number of Defendants' requests for admission pertain to Plaintiff's TILA and RESPA claims.  Among other related requests for admission, Plaintiff's Request to Admit No. 15 states, "Please admit that you cannot support your claim for violation of the Truth in Lending Act against defendants."  (Def's Br., Ex. F at 15).  Similarly, Request to Admit No. 18 states, "Please admit that you cannot support your claim for violation of RESPA against defendants."  *Id*. at 16.  Defendants argue that because these requests for admission are deemed admitted, Plaintiff has conceded that he has no support for his TILA and RESPA claims.

With regard to requests for admission, Rule 36(a)(3) states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

FED. R. CIV. P. 36(a)(3).  Moreover, "[u]nder Rule 36(b), a request for admissions which is not responded to within the applicable time period 'is conclusively established unless the court on

4

motion permits withdrawal or amendment of the admission.'" *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 153 (6th Cir. 1997).  Pursuant to Rule 36(a) a party may seek to request an admission even where the request is "dispositive of the entire case." *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979) (citations omitted).  Thus, a party may seek summary judgment based upon requests for admission that have been deemed admitted.  *Turk v. CitiMortgage*, 2005 WL 2090888 at *3 (E.D. Mich. 2005) (Duggan, J.).

A district court may, at its discretion, permit the filing of an answer to a request for admission that would otherwise be untimely.  *See Dupuis v. City of Hamtramck*, 2008 WL 4615655 (E.D. Mich. 2008); *Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi*, 913 F.Supp. 290, 293-94 (S.D.N.Y. 1996); *United States v. Turk*, 139 F.R.D. 615, 617 (D.Md.1991); see also, *Gutting v. Falstaff Brewing Corp.*, 1312 (8th Cir. 1983)

Here, Defendants' requests for admission are the basis for Defendants' motion for summary judgment.  If the Court deems these statements as admitted, then Plaintiff has conceded that he has no evidence to support his remaining TILA and RESPA claims.

At the hearing on this matter, the Plaintiff's counsel notified the court that she did, in fact, submit answers to Defendants' requests for admission on September 14, 2011 – three weeks after the Court's August 23, 2011 scheduling conference.  As requested by the Court, Plaintiff provided a copy of the answers to the Court, along with proof of service, on October 14, 2011.

Based upon the circumstances of this case, including Plaintiff's medical condition, the Court finds that denying Defendants' motion will promote the presentation of the merits of the action.  Defendants have not submitted a motion to dismiss on any substantive issues, and considering that Plaintiff retained an attorney just four months ago, Plaintiff may now more

properly present the merits of his claim. Moreover, Defendants have not shown how allowing Plaintiff to respond to Defendants' requests would prejudice Defendants.

II.     Plaintiff's Failure to Prosecute:

Defendants also assert that Plaintiff's complaint should be dismissed for failure to prosecute, pursuant to Local Rule 41.2. Local Rule 41.2 states that if "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Additionally, FED. R. CIV. P. 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

When determining a motion to dismiss for failure to prosecute, a Court should weigh four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id*.

Plaintiff, now represented by counsel, first contends that Plaintiff's failure to prosecute was not willful or in bad faith, and that there was good cause for the delay. For twenty years Plaintiff has maintained two residences: the Property that is the subject of this litigation, which is closer to Plaintiff's place of employment, and another home three-and-a-half hours away in

Mattawan, Michigan, where his family resides.

Plaintiff's counsel contends that, after Plaintiff's accident, his family was unaware that Plaintiff had not moved forward with this action until April of 2011. Upon learning of Plaintiff's delay in prosecution, Plaintiff's family retained Ms. Howell as counsel. Because of Plaintiff's injuries, and the fact that Plaintiff's family does not reside at the Property at issue, it is understandable that Plaintiff did not respond to the Court's warnings of Plaintiff's failure to cooperate, such as this Court's January 2, 2011 Order to Show Cause for failing to serve two other defendants. Due to the circumstances relating to Plaintiff's health, the Court agrees that Plaintiff's delay in prosecuting this action was not willful or in bad faith.

The Court finds that the circumstances surrounding Plaintiff's delay do not warrant dismissal. As stated above, the Court extended discovery on August 24, 2011, after becoming aware of Plaintiff's injury, and the parties should have proceeded with discovery since that date. The Court shall therefore deny Defendants' motion as it relates to Plaintiff's failure to prosecute.

III.   Plaintiff's Failure to Notify of His Change of Address:

Defendants also contend that Plaintiff's complaint should be dismissed for failing to provide prompt notification of a change of address, pursuant to Local Rule 11.2. Local Rule 11.2 provides:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 41.2.

7

In this case, Plaintiff had good cause for failing to change his address. It appears that since Plaintiff has retained counsel, Defendants, as well as the Court, have had Plaintiff's valid contact information. For the same reasons stated in Part II, above, the Court shall deny Defendants' motion as it relates to Plaintiff's failure to serve notice of his change of address.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

          S/Sean F. Cox  
          Sean F. Cox  
          United States District Court

Dated: October 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2011, by electronic and/or ordinary mail.

          S/Jennifer Hernandez  
          Case Manager