UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROFFORT E. LUMPKIN, JR.,

      Plaintiff,                         CIVIL ACTION NO. 10-13511

     v.                                 DISTRICT JUDGE SEAN F. COX

DEUTSCHE BANK NATIONAL TRUST      MAGISTRATE JUDGE MARK A. RANDON
COMPANY, HARBORVIEW MORTGAGE
LOAN TRUST, AMERICAN BROKERS
CONDUIT and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 41)**

## I. INTRODUCTION

This is a consumer lending action. Plaintiff Croffort E. Lumpkin, Jr. ("Plaintiff") alleges, generally, that Defendants engaged in mortgage fraud by not providing him the required notices and disclosures when he obtained a mortgage loan, in violation of the Truth in Lending Act ("TILA"), Regulation Z and the Real Estate Settlement Procedures Act ("RESPA").

This matter is before the Court on Defendants Deutsche Bank National Trust ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "Defendants") motion for summary judgment (Dkt. 41). Deutsche Bank and MERS are the only remaining Defendants in this case; Plaintiff's TILA, Regulation Z and RESPA claims are the only remaining claims. Judge Sean F. Cox referred Defendants' motion to this Magistrate Judge for a report and recommendation (Dkt. 42). Despite being represented by counsel, Plaintiff failed

to file a written response to Defendants' motion for summary judgment. Plaintiff's counsel did, however, appear at oral argument on June 14, 2012 to contest the motion.

For the reasons indicated below, this Magistrate Judge finds that Plaintiff's TILA and RESPA claims are barred by the applicable statute of limitations. Therefore, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## II.  BACKGROUND

On May 18, 2007, Plaintiff purchased a newly-constructed home commonly known as 9263 Maple Ridge Drive, Newport, Michigan 48166 (the "Property"). In order to finance the purchase of the Property, Plaintiff borrowed $233,810 from Defendant American Brokers Conduit (Dkt. 41; Ex. 6, Adjustable Rate Note). In April, 2009, Plaintiff stopped making payments on his loan (Dkt. 41, Ex. 12). One month later, on May 20, 2009, Billy Thomas – a non-attorney who appears to work with Plaintiff's counsel – sent a letter addressed to American Home Mortgage Services, Inc. which was described as a "qualified written request" under Section 6 of RESPA (Dkt. 41, Ex. 13). The May 20, 2009 letter from Mr. Thomas requested copies of all documents pertaining to the origination of the loan.

On February 19, 2010, the mortgage was assigned to Defendant Deutsche Bank, as trustee. As a result of Plaintiff's failure to make the required payments, a foreclosure by advertisement proceeding was initiated, and a sheriff's sale was held on March 11, 2010 (Dkt. 40, Ex. 18, Sheriff's Deed on Mortgage Sale). Defendant Deutsche Bank purchased the property at the sheriff's sale for $275,107.78 (*Id.*). Plaintiff's right to redeem the property expired on September 11, 2010.

On September 2, 2010 – just prior to the expiration of the redemption period – Plaintiff filed a 24-count Complaint against four Defendants (American Brokers Conduit, Harbor View Mortgage Loan Trust, Deutsche Bank and MERS) (Dkt. 1). The Court declined to exercise supplemental jurisdiction over Plaintiff's various state law claims (*e.g.*, slander of title, civil conspiracy, unfair business practices, constructive trust, fraud, breach of contract, unenforceable attempt to enforce the deed of trust, improper restrictions, wrongful conversion of trust, lack of standing, etc), and dismissed these claims without prejudice (Dkt. 2). Further, the Court dismissed Plaintiff's claims against Defendants Harbor View Mortgage Loan Trust and the original lender, American Brokers Conduit, without prejudice, as Plaintiff failed to timely serve those Defendants with a Summons and Complaint (Dkt. 10). Finally, the Court dismissed Plaintiff's RICO claim for failure to file a RICO Case Statement, as directed by the Court (Dkt. 24). Thus, the only remaining claims are Plaintiff's TILA claim (Count XXII) and Plaintiff's RESPA claim (Count XXIII); the only remaining Defendants are Deutsche Bank and MERS.

### III.  ANALYSIS

*A. Standard of Review*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241

F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252.

### B. *Defendants' Motion for Summary Judgment Is Unopposed*

At the outset, it must be noted that Plaintiff failed to file a written response to Defendants' motion for summary judgment. Thus, Defendants' motion is essentially unopposed. The local court rules in the Eastern District of Michigan required Plaintiff to file a response if he wished to oppose Defendants' motion for summary judgment. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion"). "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States Attorney General's Office*, 279 Fed. App'x. 328, 331 (6th Cir. 2008) (quoting *Scott v. State of Tennessee*, No. 88–6095, 1989 WL 72470 at *2 (6th Cir. July 3, 1989)) (granting the defendants' unopposed motion to dismiss); *see also, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("[f]ailure to follow a district court's local rules is a proper ground for dismissal"); *McKinzy v. Unified Government of Wyandotte*

*County/Kansas City, KS*, No. 09–2199–EFM–DWB, 2010 WL 2719852 at *2 (D. Kan. July 8, 2010) (court could grant the defendants' unopposed motion to dismiss and for sanctions "with little further consideration" where the plaintiff failed to file a responsive brief as required by the local court rules); *Zayed v. United States*, 221 F.Supp.2d 813, 815 n.1 (N.D. Ohio 2002) (within court's discretion to consider the defendant's motion to dismiss as unopposed due to the plaintiff's lack of a timely response under the local court rule).

Although this case was originally filed by Plaintiff *pro se*, Plaintiff has been represented by counsel since June 7, 2011 (Dkt. 14). Defendants' motion for summary judgment (Dkt. 41) was filed on December 30, 2011, and was initially scheduled for oral argument on March 27, 2012 (Dkt. 43). Counsel for both parties stipulated to an adjournment of the March motion hearing date (Dkt. 44), until May 8, 2012. Thus, there is no doubt that Plaintiff's counsel was aware that Defendants' motion for summary judgment was pending. The motion hearing was further adjourned until June 14, 2012. Despite Defendant's motion for summary judgment being pending for nearly six months prior to oral argument, Plaintiff's counsel still failed to file any written response to Defendants' motion. At the hearing, Plaintiff's counsel did not present a valid reason for the lack of response. As such, the Court would be well within its authority to consider Defendants' motion for summary judgment unopposed, and to recommend that the motion be granted and that Plaintiff's remaining claims be dismissed, with little further discussion or analysis.

***C. Plaintiff's TILA and RESPA Claims Are Time-Barred***

Notwithstanding Plaintiff's lack of opposition to Defendants' motion for summary judgment, the arguments set forth in Defendants' motion for summary judgment are well-taken.

In particular, Plaintiff's TILA and RESPA claims are each squarely barred by their respective statutes of limitations. TILA requires specific disclosures in closed-end lending transactions, including residential mortgage loans. *See* 15 U.S.C. §§ 1638–1639. TILA also grants the Board of Governors of the Federal Reserve System the authority to prescribe regulations carrying out the purposes of TILA. *See* 15 U.S.C. § 1604(a). In response, the Federal Reserve Board has promulgated "Regulation Z," 12 C.F.R. § 226.1 *et seq*., to implement TILA. *See* 12 C.F.R. § 226.1(a).

A creditor failing to comply with Regulation Z and TILA's disclosure requirements is subject to liability in a private action. *See* 15 U.S.C. § 1640(a). Plaintiffs filing suit under this provision must do so "within one year from the date of the occurrence of the violation." § 1640(e). Where a lender violates TILA's disclosure provisions, the violation occurs, at the latest, "when the lender and borrower contract for the extension of credit." *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973).

RESPA requires lenders to disclose all settlement costs, practices and relationships, and also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party settlement service agents. *See* 12 U.S.C. § 2607(a). RESPA claims are also subject to a one-year statute of limitations, which begins to run "from the date of the occurrence of the violation." *Egerer v. Woodland Realty, Inc*., 556 F.3d 415, 421 n. 7 (6th Cir. 2009) (the "occurrence of the violation" is the date "plaintiffs completed the sale of their home" (*i.e.*, the closing date)).

Under certain limited circumstances, the one-year statute of limitations for TILA and RESPA claims are subject to equitable tolling:

> In order to establish equitable tolling by the doctrine of fraudulent concealment,

> [Plaintiff] must allege and establish that: 1) [Defendant(s)] concealed the conduct that constitutes the cause of action; 2) [Defendants'] concealment prevented [Plaintiff] from discovering the cause of action within the limitations period; and 3) until discovery, [Plaintiff] exercised due diligence in trying to find out about the cause of action. *Id*. at 422 (citations omitted).

Plaintiff closed on the mortgage loan on May 17, 2007 (Dkt. 41; Ex. 6, Adjustable Rate Note). This lawsuit was not filed until September 2, 2010 (Dkt. 1) – more than three years after the mortgage was closed. Again, Plaintiff did not respond to Defendants' motion for summary judgment, thus he has not alleged any facts to support an equitable tolling of the statutes of limitations in this case.[1] As such, equitable tolling is not warranted, and Plaintiff's TILA and RESPA claims are barred by their respective one-year statute of limitations period. *See Lancaster v. Countrywide Home Loans*, *Inc*., No. 09-12198, 2009 WL 2584736, 5 (E.D. Mich. Aug.19, 2009) (Cleland, J.) (with respect to statutory damages for a TILA violation, "[p]laintiff obtained her 2006 loan in May of 2006 and did not file the instant lawsuit until April 2009. The statutory period has run, and therefore, damages for [p]laintiff's May 2006 loan are barred"); *Keith v. Countrywide Home Loans, Inc.*, No. 08-13398, 2009 WL 1324904, *2 (E.D. Mich. May 12, 2009) (Friedman, J.) ("Plaintiffs' mortgage originated on May 27, 2004 [,] but they did not bring this action until August 5, 2008, well after the statute of limitations for bringing a TILA claim had expired. As a result, Defendants are entitled to summary disposition on all TILA claims in the Amended Complaint").

At oral argument, Plaintiff's counsel cited two cases in an attempt to rebut Defendants'

---

[1] During oral argument, Plaintiff's counsel asserted that the May 20, 2009 letter from Billy Thomas to American Home Mortgage Services, Inc. (described as a "qualified written request" under Section 6 of RESPA) may have tolled the statute of limitations. However, Plaintiff's counsel failed to cite any legal authority for this proposition, and this Magistrate Judge is not aware of any.

statute of limitations argument – *McIntosh v. Irwin Union Bank and Trust, Co.*, 215 F.R.D. 26 (D. Mass. 2003) and *Pulphus v. Sullivan*, No. 02 C 5794, 2003 WL 1964333 (N.D. Ill. April 28, 2003). First, neither of these cases is binding authority on this Court. Second, as to *McIntosh*, that case has been thoroughly disagreed with and distinguished by a number of courts, including a case from this Court – *Belle v. First Franklin*, No. 08-11465, 2011 WL 5142966 (E.D. Mich. Oct. 28, 2011). As observed by *Belle*:

> The central question presented in *McIntosh* was whether the plaintiffs could rescind their mortgage contract with a lender once their financial obligations had been satisfied by full and complete payment. There, the court considered the statute of limitations issues only tangentially, and, in doing so, merely observed that a plaintiff may bring a rescission action 'for three years [after the closing of a loan] if a material disclosure as defined in the implementing regulations is not made.' The *McIntosh* court was not dealing with undisclosed assignments – as the Plaintiffs have asserted here – but rather it addressed the need to inform consumers about their ability to avoid payment of certain prepayment penalties. In the judgement of the Court, *McIntosh* is inapplicable to the case at bar and does not support the Plaintiffs' argument (internal citations omitted).

*McIntosh* is similarly inapplicable to this case.

*Pulphus* dismissed TILA claims for money damages as barred by the one-year statute of limitations, but permitted timely claims for recision, which were filed within the three-year statute of limitations. *Pulphis* went on to discuss the applicability of the statute of limitations in cases where two conflicting sets of TILA disclosures were presented to the borrower. Plaintiff does not allege that he received two conflicting sets of TILA disclosures, thus *Pulphus* is inapplicable to this case.

A major problem with Plaintiff's failure to file a response brief is that Defendants did not have an opportunity to review the cases that Plaintiff intended to rely upon and distinguish or rebut them. In any event, the cases cited by Plaintiff during oral argument do not impact the

applicability of the statute of limitations – again, Plaintiff's claims are squarely time-barred and Plaintiff has not presented the Court with any argument or authority indicating otherwise.

Finally, TILA and Regulation Z also allows debtors to rescind certain transactions within three business days after consummation of the transaction or delivery of specific disclosures, whichever is later. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). This right, however, can be exercised no more than three years after the transaction is consummated, regardless of whether disclosures were delivered. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). To the extent that Plaintiff's Complaint seeks rescission of the mortgage transaction, such a claim is also time-barred. Because the loan transaction occurred on May 18, 2007, the statute of limitations expired three years later, in May 2010. Again, Plaintiff filed this action in September 2010 – several months after the three-year limitations period for rescission had expired. Because Plaintiff failed to allege facts in support of equitable tolling, his request for rescission should also be dismissed.

### IV.  CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' motion for summary judgment be **GRANTED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<div style="text-align: right">
s/Mark A. Randon<br>
MARK A. RANDON<br>
UNITED STATES MAGISTRATE JUDGE
</div>

Dated: June 28, 2012

### Certificate of Service

I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 28, 2012, by electronic and/or first class U.S. mail.

<div style="text-align: right">
*s/Melody Miles*<br>
*Case Manager to*<br>
*Magistrate Judge Mark A. Randon*<br>
*(313) 234-5540*
</div>