UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Croffort E. Lumpkin, Jr.,

    Plaintiff,

v.                                         Case No. 10-13511
                                              Honorable Sean F. Cox

Deutsche Bank National Trust Co., *et al.*,

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

On September 2, 2010, Plaintiff Croffort Lumpkin ("Plaintiff") filed this action asserting claims against Defendants relating to a residential loan secured by property located at 9263 Maple Ridge, Newport, Michigan ("the Property"). The only remaining Defendants in this case are Deutsche Bank National Trust Company ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). After the Court dismissed Plaintiff's state-law and RICO claims, Plaintiff's only remaining claims against Defendants are his TILA (Count XXII) and RESPA (Count XXIII) claims.

On December 30, 2011, Defendants filed a motion for summary judgment, asserting that: 1) Plaintiff's TILA claim is time-barred; 2) Defendants are not creditors under TILA; 3) Plaintiff is not entitled to recision of his mortgage because the property at issue is not his principal dwelling; 4) Plaintiff's TILA claims do not apply to mortgage transactions; 5) the original lender

1

complied with TILA; 6) Plaintiff's RESPA claims are time-barred; 7) the original lender complied with RESPA; and 8) Plaintiff has otherwise failed to state a claim under RESPA. This Court referred Defendants' motion for summary judgment for hearing and determination by Magistrate Judge Mark A. Randon.

On June 28, 2012, Magistrate Judge Randon issued a Report and Recommendation ("R&R"), wherein he recommends that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's Complaint with prejudice. (R&R, Doc. Entry No. 47). Magistrate Judge Randon explained that Plaintiff has yet to file a written response to Defendants' motion, and that at the hearing, Plaintiff's counsel did not provide a valid reason for failing to file a response. Magistrate Judge Randon also concluded that Plaintiff's TILA and RESPA claims are barred by their respective statutes of limitations.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely objections to the R&R (Doc. Entry No. 48) and Defendants filed a response to those objections. (Doc. Entry No. 49).

In Plaintiff's first objection and second objections, Plaintiff contends that he did not respond to Defendants' motion because Defendants did not timely provide him with certain discovery, and that the Court cannot dismiss Plaintiff's complaint for failing to respond to a

motion for summary judgment. Plaintiff, however, has never filed a motion to compel and never sought to extend discovery deadlines after Defendants filed their motion. To date, even after being placed on notice by Magistrate Judge Randon, Plaintiff has not filed a response to Defendants' motion.

In any event, the Court agrees with Magistrate Judge Randon that Plaintiff's claims are time-barred. Plaintiff executed the note for the property at issue on May 17, 2007, and filed this claim on September 2, 2010. In his third objection, Plaintiff contends that his TILA and Regulation Z claims are not barred by TILA's one-year statute of limitations because the limitations period should be tolled from May 20, 2009 – the date he sent a rescission letter to his original lender. As stated by Magistrate Judge Randon, however, a plaintiff must file a TILA claim "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A violation occurs when a lender fails to make disclosures "when the lender and borrower contract for the extension of credit." *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973). In this case, the lender extended Plaintiff credit on the day he executed the note and mortgage, and any alleged violation occurred on that date. Accordingly, Plaintiff's TILA claim is time-barred and Plaintiff's objection is without merit. Plaintiff does not object to Magistrate Judge Randon's conclusion that Plaintiff's RESPA claim is barred by its one-year statute of limitations. *See* 12 U.S.C. § 2607(a). Plaintiff's RESPA claim is also time-barred and Plaintiff's objections are without merit.

The Court hereby ADOPTS the June 28, 2012 R&R and ORDERS that this action is

DISMISSED WITH PREJUDICE..

   IT IS SO ORDERED.

                                                          S/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: September 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2012, by electronic and/or ordinary mail.

                                                            S/Jennifer Hernandez
                                                            Case Manager